Orlan M. REYNOLDS, et al., Plaintiffs,

v.

Lawrence F. BONDERER, et al., Defendants.

CHICAGO KANSAS CITY FREIGHT LINE, INC., Plaintiff,

v.

Lawrence F. BONDERER, et al., Defendants.

Nos. 77–6067–CV–SJ, 79–6014–CV–SJ.

United States District Court, W.D. Missouri, St. Joseph Division.

Nov. 1, 1982.

Charles C. Shafer, Jr., and George S. Murray, III, Kansas City, Mo., for Reynolds.

Jim Bandy of Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for Chicago Kansas City Freight Line, Inc.

Thomas E. Hankins and Max Von Erdmannsdorff of Von Erdmannsdorff, Zimmerman, Hankins & Shank, Kansas City, Mo., for Bonderer.

## ORDER OVERRULING FREIGHT LINE'S MOTION FOR NEW TRIAL

SACHS, District Judge.

In this case a jury brought in a verdict in favor of a farmer and cattle owner who was alleged to have allowed his cattle to escape their enclosure and stray onto a public highway. Personal injuries were sustained by a truck driver who collided with and killed two black cattle of uncertain origin in the night time; property damage was suffered by the freight line owner. The cases were consolidated for trial. The freight line owner seeks a new trial.

The evidence in the case presented plaintiffs with an uphill battle. Witnesses testified that the ear tags on the dead cattle were unlike the tags on defendant's cattle. A count of cattle kept by defendant showed no disappearances. The dead cattle were described as being physically unlike defendant's in various respects. Stray cattle of unknown ownership were sighted in the general area by others. Little persuasive connection with defendant's farm was shown. Plaintiffs did have witnesses who testified that defendant's fences were penetrable by cattle, particularly calves, and were penetrated. According to one reconstruction of events, other cattle seen on the highway immediately before the collision may have gone through a fence on to defendant's farm. The proximity of the farm to the place of the accident also lent some support to plaintiffs.

The Court is of the view that plaintiffs have had a fair trial and are not entitled to a new trial. The contentions of the freight line are not supported by citations and generally need no specific response. One significant matter, requiring a rather close judgment call at trial, does deserve comment. The Court barred testimony on rebuttal by Dean Herring, who had not been listed as a potential witness.

There were various related reasons for barring the testimony. On reflection, it appears that the best reason may be plaintiffs' failure to list the witness. Local Rule 20 requires a listing of all potential witnesses "excepting witnesses who may be called for impeachment purposes *only*" (emphasis added). *Missouri Rules of Court*, 1982, page 552.* Herring's testimony, as recited in support of the new trial motion, and as explained to the Court during trial, would have dealt with more than impeachment. He would have presented evidence going directly to an important part of plaintiffs' case, the alleged inadequacy of defendant's fence at the time of the incident. If Herring was to be used at trial, his name should have been listed even if the main thrust of his testimony would have been rebuttal, and defendant should have had an opportunity for pretrial discovery or other inquiry as to his likely testimony.

It is obvious that Herring was kept "under wraps" so that he could be used most effectively in rebuttal. Such procedure runs contrary to the letter and intent of the rules. Full pretrial disclosure is desirable to avoid trial by ambush and also to induce settlements, when all parties have had a full opportunity to evaluate their cases. The Court recognizes that our procedures do offer unscrupulous parties some opportunity to develop "cover stories," and may incidentally take some of the excitement out of trial. The Court's ruling is, however, believed to be consistent with the current consensus in this district and with modern procedural recommendations generally used in recent decades.

Preclusion of trial testimony by unlisted witnesses is clearly authorized. *Admiral Theatre Corp. v. Douglas Theatre Co.*, 585 F.2d 877, 897 (8th Cir. 1978). Compare *Consolidated Towing Co. v. Hannah*, 509 F.Supp. 1031, 1034–5 (W.D.Mo.1981) ("full

---

* It is anticipated that practice under the Court's new rules, effective January 1, 1983, will be at least as stringent in requiring witness listings. Members of the local bar may have noted that in a recent draft of listing requirements disclosure would be required of all names except where a witness is to be called "*solely* for the purposes of *unanticipated* rebuttal or impeachment" (emphasis supplied). The Court is unaware of any of our local judges who expect to loosen the listing requirements of present Rule 20.

and timely pre-trial disclosure" is mandated in this district, except where the parties mutually waive such requirements).

The motion for new trial is hereby OVERRULED.